Samer Habbas, Esq, (Bar No. 243683); Adam Kocaj, Esq. (Bar No 321680)
LAW OFFICES OF SAMER HABBAS & ASSOCIATES, P.C.
200 Spectrum Center Drive, Suite 1230
Irvine, CA 92618
Tel: (949) 727-9300
Fax: (949) 727-9308

*Attorneys for Plaintiffs*
SHANNON LEE, I.C. (minor), and M.C. (minor)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Shannon Lee individually and as Guardian ad Litem for M.C, a minor and I.C. a minor; I.C., a minor, by and through his Guardian ad Litem Shannon Lee; M.C., a minor, by and through his Guardian ad Litem Shannon Lee<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO. 5:24-CV-00757**<br><br>**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT** |

## COMPLAINT

Plaintiff SHANNON LEE ("Plaintiff Lee"), Plaintiff M.C., a minor, by and through his guardian ad litem Shannon Lee, and Plaintiff I.C., a minor, by and through his guardian ad litem Shannon Lee and by their attorneys, the Law Offices of Samer

- 1 -
COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Habbas & Associates, P.C., files this Complaint against Defendant UNITED STATES OF AMERICA ("Defendant USA"), and DOES 1 to 50 and alleges as follows:

## I. INTRODUCTION

1. Plaintiff Shannon Lee, Plaintiff I.C., and Plaintiff M.C. (hereinafter collectively referred to as "Plaintiffs") bring this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1401(b), 2401(b) and 2672-2680 ("FTCA") against the United States of America, acting through its agency, the United States Postal Service for the negligent acts and/or omissions of their officers, officials, agents and/or employees, that resulted in injury and damage to Plaintiffs on April 12, 2022 in Rancho Cucamonga, State of California. On that date, Plaintiffs were in a Toyota Camry and were traveling westbound on San Bernardino Road when Plaintiffs' vehicle drove past a United States Postal Service truck which was in the course and scope of their employment with the U.S.P.S. At that time, the U.S.P.S. truck, which was being operated by DOE 1 and had been pulled over and stopped on the side of the road, suddenly – and without warning - pulled out into the road and struck Plaintiffs, who was lawfully in possession and control of the subject roadway. The Defendant's negligence was a substantial factor in causing Plaintiff's injuries and damages.

## II. JURISDICTION

2. This action is brought pursuant against the United States of America (hereinafter referred to as "Defendant USA") pursuant to 28 U.S.C. § 2671, et seq., commonly referred to as the "Federal Tort Claims Act." Liability of the United States of America is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages that form the basis of this Complaint, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America, through its agency, the United States Postal Service.

This employee was acting within the course and scope of his office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of California.

3. Pursuant to 28 U.S.C. § 2675, the FTCA, this claim was presented to the United States Postal Service ("USPS") via Form SF-95 on or around May 5, 2022. Documents supporting the Plaintiffs injuries and damages were sent to the USPS on or about April 12, 2022. On July 5, 2022, Defendant USA sent Plaintiffs correspondence which indicated that "[t]his matter will be adjudicated as soon as possible." As of the date of the filing of this Complaint, the USPS has failed to respond, and thus, those claims were deemed denied by operation of law on or around January 3, 2023.

**III.   VENUE**

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), 28 U.S.C. 1391(e), and 28 U.S.C. § 1402.

**IV.   PARTIES**

**A. Plaintiff**

5. Plaintiff SHANNON LEE is an individual residing in Highland, California and a citizen of the state of California.

6. Minor Plaintiff M.C. (Plaintiff MC), is and was at all times relevant to this claim, a resident of Highland, California, county of San Bernardino, State of California. Plaintiff MC is the son of Plaintiff Shannon Lee. Shannon Lee, as the mother of Plaintiff MC, is a proper personal representative and has requested to be appointed as Guardian ad Litem for Plaintiff MC.

7. Minor Plaintiff I.C. (Plaintiff IC), is and was at all times relevant to this claim, a resident of Highland, California, county of San Bernardino, State of California. Plaintiff IC is the son of Plaintiff Shannon Lee. Shannon Lee, as the

mother of Plaintiff IC, is a proper personal representative and has requested to be appointed as Guardian ad Litem for Plaintiff IC.

**B. Defendant**

8. At all times relevant herein, the United States of America ("USA") is and was a sovereign nation, and exists under the Constitution and the laws enacted by the United States Congress. The United States Postal Service is an independent establishment of the Executive Branch of the Government of the United States pursuant to 39 U.S.C. § 201, and is organized and existing under the laws of the United States of America and the United States Constitution. Liability claims against the Postal Service are governed by the Federal Tort Claims Act, 39 U.S.C. § 409(c). whose provisions are set forth at 28 U.S.C. § 1346(b), 2401(b) and 2677-2680.

9. Upon information and belief, and all times material hereto, DOE 1 was an individual who, at all times relevant herein, an employee of Defendant USA and was acting within the course and scope of his employment when he negligently operated a USPS truck which struck and injured Plaintiffs.

**C. Agency and Concert of Action**

10. At all relevant times, each Defendant, including DOES 1 to 50, was the agent and/or employee of each of the remaining Defendants and was at all times acting within the purpose and scope of said agency and/or employment and with the permission and consent, whether implied, actual, or constructive, of each principal. Each Defendant ratified the actions and conduct of each agent and/or employee.

11. The true names and capacities of Defendants sued as DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF. PLAINTIFF is informed and believes, and on that basis alleges that each such Defendant is in some way responsible and liable for the events or happenings alleged in this Complaint. Plaintiffs will further amend this Complaint to allege their true names and capacities when ascertained.

IV. **GENERAL ALLEGATIONS**

12. On April 22, 2022, Plaintiff Shannon Lee was the driver of a 2017 Toyota Camry with her passengers – minor Plaintiffs IC and MC – and they were traveling westbound on San Bernardino Road. On that day, an unidentified U.S.P.S. employee was the restrained operator of a USPS mail truck that was pulled over and stopped on the side of the same road as Plaintiffs. PLAINTIFF's vehicle was slowing down to stay at or under the speed limit.

13. Due to the USPS driver's unsafe speed and inattentiveness to the roadway conditions, he was unable to stop in time before forcefully colliding into Ms. Lee's vehicle. The impact of the collision caused Ms. Lee to be thrown forward and back, causing her to suffer severe pain. Immediately after the collision, Plaintiffs felt pain and were left disoriented and stunned.

**FIRST CAUSE OF ACTION - NEGLIGENCE**

14. All of the foregoing allegations are incorporated herein as though fully set forth in detail below.

15. On April 12, 2022, an employee acting within the scope of their employment with Defendants USA, was driving behind Plaintiffs' vehicle traveling westbound on San Bernardino Road. Defendant had the duty to drive in a reasonably prudent manner with regard to the road conditions.

16. Plaintiffs were the driver and minor passengers traveling in a 2017 Toyota Camry traveling westbound on San Bernardino Road.

17. Due to DOE 1's negligence and lack of observation and awareness for other vehicles on the roadway, he was unable to stop in time before forcefully colliding into Plaintiff's vehicle, thus breaching his duty to drive reasonably.

18. The impact of the collision caused Plaintiffs to be thrown forward and back, causing them to suffer severe pain and sustain injuries.

19. The Defendant USA's employee drove negligently and carelessly, including but not limited to driving at an unsafe speed and consequently striking Plaintiffs' vehicle. Said employee knew or should have known that driving at an unsafe speed would lead to a motor vehicle accident. Defendant did so negligently entrust, own, maintain, operate, and drive the aforementioned USPS truck into the roadway controlled and possessed by Plaintiffs so as to cause it to collide with Plaintiffs' vehicle, thereby causing the injuries and damages described herein.

20. It was Defendant's driver's unsafe and negligent driving that actually and proximately caused the damages to Ms. Lee's vehicle and person in addition to the injuries caused to Plaintiff IC and Plaintiff MC person. He was further negligent in failing to be properly attentive and otherwise failing to act prudently under the circumstances, all of which negligence and carelessness constitute the proximate cause of the collision and the injuries and damages to Plaintiffs described herein.

21. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, PLAINTIFF Lee was injured at her neck, lower back, left shoulder and left arm, chest pain, and loss of consciousness at the time of the collision. Specifically, PLAINTIFF Lee was diagnosed with several conditions, including Intervertebral somatic dysfunction of the cervical, thoracic, and lumbar spine, disc displacement of the lumbar region.

22. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, PLAINTIFF MC injured his neck, mid-back, and suffered from post-traumatic headaches. Specifically, PLAINTIFF MC was diagnosed with several conditions, *inter alia,* post-traumatic headache, myofascitis of cervical and thoracic region, intervertebral somatic dysfunction of the cervical spine, and cervical spine sprain.

23. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, PLAINTIFF IC was injured at his neck, back, and headaches.

Specifically, PLAINTIFF IC was diagnosed with several conditions, *inter alia,* post-traumatic headaches, myofascitis of thoracic and cervical spine, cervical/lumbar/thoracic spine sprains.

24. Defendants USA, and DOES 1 to 50, and each of them, are vicariously liable for the acts or omissions of their employee acting within the scope of his employment if the act or omission would have given rise to a cause of action against that employee.

22. Therefore, Defendants USA and DOES 1 to 50 are vicariously liable for the negligent acts of its employee.

23. As a proximate result of these injuries, Plaintiffs have endured and will continue to endure great pain and suffering, and mental anguish.

21. Plaintiff Lee has expended, and will continue to expend, large sums for medical expenses, and as a proximate result of the negligence of Defendants, and each of them, Plaintiff Lee will continue to incur medical and incidental expenses, the exact amount of which is unknown to Plaintiff Lee at this time, according to proof at trial. Plaintiff Lee's injuries to her neck and spine continue to cause her to incur further medical expenses due to her ongoing treatment and will continue to cause her to incur future medical expenses which have been preliminary estimated to exceed $200,000.00.

WHEREFORE Plaintiffs pray for judgment in his favor and against Defendant United States of America as follows:

    A.    Compensatory damages, including general damages for past and future physical pain and suffering, mental anguish and emotional distress, medical expenses, loss of enjoyment of life, and any other compensatory damages according to proof at trial;

    B.    Interest accrued after judgment;

    C.    Costs of suit;

D. Attorney's fees pursuant to 28 U.S.C. §2412(b);

E. Any other such and further relief as the Court deems just and proper.

## CERTIFICATION AND CLOSING

Under *Federal Rule of Civil Procedure* 11(b), by signing below, I certify to the best of my knowledge, information and belief that this Complaint: (1) is not being presented for an improper response, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

DATED: April 11, 2024

By: /s/ Adam Kocaj
ADAM KOCAJ
Attorneys for Plaintiffs
California Bar #321680
LAW OFFICE OF SAMER HABBAS & ASSOCS., P.C.
200 Spectrum Center Dr., Ste. 1230
Irvine, CA 92618
(949) 727-9300
adam@habbaspilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the United States District Court Central District of California by using the CM/ECF system on April 29, 2021.

I further certify that all participants in the case appear to have been registered CM/ECF users and that service should therefore be accomplished by the CM/ECF system via electronically mail to all counsel of record.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 11, 2024 in Irvine, California.

       */s/ Adam Kocaj*
       Adam Kocaj